[No. 10,694.—In Bank.]
Feb. 1, 1882.

## THE PEOPLE *v.* JOHN R. SIMONS.

JUSTIFIABLE HOMICIDE — SELF-DEFENSE — INSTRUCTIONS. — The Court instructed the jury as follows: "If you believe beyond a reasonable doubt, from the evidence, that the defendant killed the deceased, then, to render said killing justifiable, it must appear that defendant was wholly without fault imputable to him by law, in bringing about or commencing the difficulty in which the mortal wound was given.

*Held:* Even if the defendant had been the assailant, if he had really and in
good faith endeavored to decline any further struggle before the homicide
was committed, the killing might be justifiable in self-defense.
ID.—ID.—CONFLICTING INSTRUCTIONS.

APPEAL from a judgment of conviction, and from an order
denying a new trial in the Superior Court of Modoc County.
HARRIS, J.

*E. S. Spencer, W. L. Skinner,* and *D. S. & S. L. Terry,* for
Appellant.

*A. L. Hart,* Attorney General, for Respondent.

SHARPSTEIN, J.:

Among the instructions given by the Court to the jury
were the following: "To justify a person in killing another
in self-defense, it must appear that the danger was so urgent
and pressing, that in order to save his own life, or to prevent
his receiving great bodily harm, the killing of the other was
absolutely necessary. And it must appear also that the per-
son killed was the assailant, or that the slayer had really and
in good faith endeavored to decline any further struggle be-
fore the mortal blow was given."

"To justify the defendant in killing the deceased it is not
absolutely necessary that the defendant should have believed
his own life in danger. But it will be sufficient if the cir-
cumstances were such as to justify the defendant, as a reason-
able man, in believing that the deceased was about to commit
any felony, and that it was necessary to take his life to pre-
vent the commission of such felony, and that if the defend-
ant did so believe and acted under such belief solely."

That these instructions are contradictory is apparent, and
the first does not differ materially from that given in *People
v. Flahave,* 58 Cal. 249, which was held to be erroneous.

Only one of the instructions requested by the defendant
was refused by the Court. It should have been given. The
reasons assigned by the Court for not giving it are insuffi-
cient.

The following instruction was erroneous: "If you believe
beyond a reasonable doubt, from the evidence, that the de-
fendant killed the deceased, then to render said killing justi-

fiable it must appear that defendant was wholly without fault imputable to him by law in bringing about or commencing the difficulty in which the mortal wound was given."

Even if the defendant had been the assailant, if he had really and in good faith endeavored to decline any further struggle before the homicide was committed, the killing might be justifiable in self-defense. (Pen. C., § 197.)

Judgment and order reversed, and cause remanded for a new trial.

THORNTON, J., concurred.

ROSS, J., concurred in the judgment, on the ground last stated in the opinion.

MORRISON, C. J., concurred in the judgment of reversal.